## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 11:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Douglas G. Opdycke
Bonita Springs, Florida

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: | February 28, 2019 |
| The Estate of Helen L. Opdycke | Court of Appeals Case No. 18A-ES-2236 |
| | Appeal from the DeKalb Circuit Court |
| | The Honorable Kirk D. Carpenter, Judge |
| | Trial Court Cause No. 17C01-9002-ES-15 |

**Brown, Judge.**

[1] Douglas G. Opdycke ("Opdycke"), *pro se*, appeals the trial court's order denying his petition to reopen the estate of Helen Opdycke. We dismiss.

*Facts and Procedural History*

[2] In February 1990, the trial court appointed Jana L. Hughes as personal representative for the estate of Helen Opdycke (the "Estate") and authorized unsupervised administration of the Estate. In January 1993, Opdycke filed an Application and Petition for Information on the Estate. He filed multiple objections and petitions including objections to the closing statement and final accounting and a motion to vacate judgment based on newly discovered evidence and fraud. A chronological case summary ("CCS") entry dated November 1994 indicates that the estate administration proceedings were completed and closed on March 29, 1994. The CCS contains entries dated January and February 1995 indicating that this Court dismissed an appeal in this case. Opdycke continued to file motions and petitions in 1995 and 1996. A CCS entry dated September 6, 1996, indicates that Opdycke filed a petition to revoke probate and an independent action to vacate judgment by extrinsic fraud, which the trial court denied.

[3] In September 2016, Opdycke filed a Petition to Reopen Estate, and the trial court denied the petition. On August 9, 2018, he filed another Petition to Reopen Estate. On August 14, 2018, the trial court entered an order denying Opdycke's petition. The court's order states:

1.  On August 9, 2018, Douglas Opdycke again filed a Petition to Reopen Estate based upon the same allegations he has made several times in the past.

2.  The Court now denies this latest Petition on the same grounds the Court used to deny the last Petition on September 8, 2016[, a] copy of which is attached hereto and made a part hereof.

3.  Douglas Opdycke's actions are repetitive, as the Court has communicated with him several times on these very same points.

4.  The Court now Orders Douglas Opdycke to not file anymore motions or petitions on these issues or the Court may consider holding him in contempt of court and issue appropriate enforcement orders.

Appellant's Appendix Volume II at 10.

*Discussion*

[4]     Although Opdycke is proceeding *pro se*, such litigants are held to the same standard as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (citing *Matter of G.P.*, 4 N.E.3d 1158 (Ind. 2014)).  This Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016), *reh'g denied*.

[5]     In the Statement of Issues, Opdycke alleges that two DeKalb County public officials and at least two DeKalb County law firms conducted a fraud on the court.  In his argument section, Opdycke asserts that Hughes and the DeKalb County Assessor's Representative had no business to conduct in Helen's safe

deposit box two days after she passed away and six days before her will was delivered to the court. He appears to assert that different typewriters were used to type Helen's will. He contends that a reasonable observer could believe that the attorney who submitted the will to the court knowingly submitted fraudulent documents to the court. He also mentions judicial disqualification and fraud on the court and requests that Dorothy Leins, the assessor, David Kruse, an attorney, the Grimm Law Firm, Judge Paul Cherry, and the DeKalb County Government each pay him $1,000,000.

[6] At the end of his argument section, Opdycke cites Ind. Trial Rule 60(B), which provides:

> Mistake--Excusable Neglect--Newly Discovered Evidence--Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> * * * * *
>
> (6) the judgment is void;
>
> * * * * *

> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court.

[7] The record reveals that Opdycke alleged fraud in 1994, 1995, and 1996. We also observe that, prior to filing his petition to reopen the Estate in August 2018, Opdycke filed a petition to reopen the Estate and the court dismissed that petition in August 2016. Opdycke does not develop a cogent argument with respect to Trial Rule 60(B) or his other assertions, and we conclude that he has waived his arguments. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied*, *trans. denied*.

## *Conclusion*

[8] For the foregoing reasons, we dismiss Opdycke's appeal.

[9] Dismissed.

Bailey, J., and Bradford, J., concur.